CRAMP et al. v. PHILADELPHIA CONST. CO.

(Circuit Court, E. D. Pennsylvania. January 9, 1905.)

No. 44.

1. CONTRACT—ACTION TO ENFORCE—SUFFICIENCY OF AFFIDAVIT OF DEFENSE.
   An affidavit of defense construed, and *held* insufficient, as admitting facts showing that the original contract between the parties was modified by a supplementary agreement set up by plaintiff, and upon the validity of which his right of recovery depended.

At Law. Rule for judgment for want of a sufficient affidavit of defense.

H. C. Thompson, Jr., for plaintiffs.
John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. The controversy between these parties relates exclusively to the effect upon the original contract, which bears the date of October 17, 1901, of the supplementary paper that was executed in the following month. If the defendant is bound by the supplement, the plaintiffs' claim is established; and, that the defendant is thus bound is, I think, made clear by the following paragraph from the affidavit of defense itself.

"It is true that the syndicate agreement of 17th October, 1901, was renewed in such way as to extend the time for sale of the bonds therein referred to until the 1st day of April, 1904. This renewal was by virtue of a resolution of the board of directors of the Philadelphia Construction Company, duly passed. In said agreement of renewal thus authorized, there was a preamble reciting the fact of a modification of the agreement by the supplement, contained in the statement of claim; but the agreement authorized to be made by the resolution of the board of directors, and the agreement which was made, was one which specified for the renewal of the agreement of 17th October, 1901."

Now, while the affidavit elsewhere denies that the supplement, which was signed by the defendant's president and attested by its secretary, was "authorized by the Philadelphia Construction Company by any vote of its board of directors," and declares that it was signed by the president "without any authority conferred upon [him] by any vote of the board of directors thereof," the paragraph quoted shows plainly, as it seems to me, that the defendant, by formal resolution of its board, did recognize the fact that the supplement had modified the original contract. The averment that "the agreement authorized to be made

by the resolution of the board of directors, and the agreement which was made, was one which specified for the renewal of the agreement of 17th October, 1901," states merely the affiant's construction of the resolution and of the renewal agreement, and is not to be regarded as stating a fact. Copies of the resolution and of the renewal agreement should have been given, so that the court might be enabled to judge for itself of their legal effect. But while, for the reasons thus indicated, the affidavit is, in my opinion, insufficient as it stands, the defendant should have an opportunity to supply what may perhaps be important documents in the cause; and therefore he may set out copies of the resolution and of the renewal agreement in a supplemental affidavit, to be filed within 10 days. If no such affidavit is filed, the plaintiffs may have judgment for the amount of their claim.